UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | ) | Case No.: 10-CV-5717-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR DEFAULT JUDGMENT |
| | ) | |
| DUC MINH DINH, AND DUC HUY NGUYEN, individually and d/b/a QUAN NHAN CRAWFISH a/k/a SEAFOOD RESTAURANT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Clerk of the Court entered default against Defendants Duc Mihn Dinh, and Duc Huy Nguyen, individually and doing business as Quan Nhan Crawfish aka Seafood Restaurant ("Defendants"), after Defendants failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. ECF No. 18. Before the Court is Plaintiff G & G Closed Circuit Events, LLC's motion for default judgment. *See* ECF No. 26. Defendants, not having appeared in this action to date, have not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. The hearing set for May 10, 2012 is hereby VACATED. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

**I.    BACKGROUND**

1

Case No.: 10-CV-05717-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns exclusive commercial distribution rights to broadcast the closed-circuit program *"Strikeforce: 'Evolution': Cung Le v. Scott Smith"* ("Program"), telecast nationwide on December 19, 2009. Compl. ¶ 10, ECF No. 1. Plaintiff alleges that the program was unlawfully intercepted and exhibited by Defendants at their commercial establishment, Quan Nhan Crawfish, a/k/a Seafood Restaurant, located in San Jose, California. *Id*. ¶ 13. On December 15, 2010, Plaintiff filed this action for violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200. In the pending motion for default judgment, however, Plaintiff seeks damages only under § 605 and for conversion. Mem. of P. & A. in Supp. of Pl.'s Appl. for Default J. by the Ct. ("Mot.") at 5, ECF No. 26.

## II. DISCUSSION

Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), *id*. at 7, and $100,000 in enhanced damages for willful violation of 47 U.S.C. § 605(e)(3)(C)(ii), *id*. at 10. With respect to its conversion claim, Plaintiff seeks $1,600, the amount Defendants would have been required to pay had they ordered the Program from Plaintiff. *Id*. at 15. Plaintiff also seeks costs and attorney fees pursuant to 47 U.S.C. § 605(e)(3)(b)(iii), *id*. at 3-4, though Plaintiff has not briefed this issue or provided the Court with the amount of fees requested, *see generally id*. Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendants reside and do business in California), the Court shall proceed to review Plaintiff's motion for default judgment.

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), when the defendant fails to timely answer a complaint, the plaintiff may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. *See Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising discretion to enter default judgment, the court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that the *Eitel* factors favor entry of default judgment. First, Plaintiff will be prejudiced if default judgment is not entered. Plaintiff has presented proof of adequate service of process, and Defendants have failed to timely answer, leading the Clerk of Court to enter default against Defendants. *See* ECF Nos. 14-15, 18. Because Defendants have refused to take part in the litigation, Plaintiff will be denied the right to adjudicate its claims and obtain relief if default judgment is not granted. Second, Defendants have not presented a defense or otherwise communicated with the Court. Accordingly, there is no indication that Defendants' default was due to excusable neglect or that the material facts are subject to dispute. Third, although entry of default judgment may not be appropriate where a large sum of money is at stake, *see Eitel v. McCool,* 782 F.2d at 1472, here the damages sought are statutory, and the amount is left to the Court's discretion.

The merits of Plaintiff's claims and the sufficiency of the Complaint also favor entry of default judgment. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff has adequately alleged a violation of 47 U.S.C. § 605 and conversion by claiming that Defendants knowingly decrypted and displayed the Program for commercial gain and without paying to Plaintiff its rightful license fee. *See* Compl. ¶¶ 12-13, 25-27. Taken as true, these allegations are sufficient to establish a claim for violations of the Federal Communications Act and for conversion.

Finally, although strong public policy favors decisions on the merits, in light of Defendants refusal to litigate, it does not appear that litigation of the merits will be possible in this case. In sum, the Court finds that the *Eitel* factors collectively favor entry of default judgment. The Court therefore GRANTS Plaintiff's motion for entry of default judgment.

**B. Damages**

**a. Statutory Damages under Section 605(e)(3)(C)(i)(II)**

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less

3

Case No.: 10-CV-05717-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

than $1,000 and not more than $10,000 for each violation of § 605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho,* No. C-09-01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept.18, 2009) (citing *Garden City Boxing Club v. Zavala,* No. C-07-5925, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008)).

Plaintiff argues that the maximum statutory damages of $10,000 should be awarded in part because "Defendants broadcasted the *Program* on six 32" LCD Flat screens." Mot. at 6. However, the Court notes that Mr. Gravelyn's Declaration does not adequately support this assertion. This Declaration takes the form of a fill-in-the-blank document. *See* Gravelyn Decl. One line of this form states, "I observed __ television sets." The numeral "6" has been filled in on this line. *Id.* at 2. Lower on this document is the form statement, "On the television set(s), I observed the boxing match between" followed by Mr. Gravelyn's description of the Program at issue in this litigation. *Id.* Nowhere does this form ask how many of the establishment's total number of televisions actually displayed Plaintiff's program. Instead, by requiring investigators to state "[o]n the television set(s), I observed the boxing match . . ." the form requires Plaintiff's investigator to state the Program was displayed on every television in Defendants' establishment. This is insufficient to establish the actual number of televisions displaying the Program.

Plaintiff argues that a commercial license for the broadcast of the Program would have cost Defendants $1,600.00, based on the restaurant's 75-person capacity. Aff. of Matthew Gagliardi ("Gagliardi Aff.") ¶ 15, ECF No. 26-4; Mot. at 15. Alternatively, as to Defendants' potential profit, Plaintiff submits evidence that up to 16 patrons were present at Quan Nhan Crawfish Restaurant at the time of the Program. *See* ECF No. 26-3, Aff. of Gary Gravelyn ("Gravelyn Decl.") at 3. As there is no evidence of how much Defendant profited from the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license. Accordingly, the Court finds that Plaintiff is entitled to $1,600 in statutory damages.

### b. Enhanced Damages under Section 605(e)(3)(C)(ii)

47 U.S.C. § 605(e)(3)(C)(ii) authorizes the Court to award up to $100,000, in its discretion, upon finding that the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Here, although there is no evidence that

4

Case No.: 10-CV-05717-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendants advertised the fight, imposed a cover charge, or had a minimum purchase requirement, Plaintiff has presented evidence that Defendants had six televisions in the commercial establishment and were displaying the Program on at least some, if not all, of them, while there were between 15 and 16 patrons present. *See* Gravelyn Aff. Plaintiff also argues that the broadcast was encrypted and subject to distribution rights, and thus Defendants "must have undertaken specific wrongful actions in order to intercept and/or receive and broadcast the encrypted telecast." Mot. at 4. Courts have found similar facts sufficient to support a finding of willful violation for commercial advantage and financial gain, and have accordingly awarded enhanced damages on such grounds. *See, e.g., Joe Hand Promotions, Inc. v. Meola,* No. C-10-4781, 2011 WL 2111802, at *5 (N.D. Cal. Apr. 22, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 50 patrons were present and no cover charge was imposed); *J & J Sports Prods., Inc. v. Mosley,* No. C-10-5126, 2011 WL 2066713, at *5 (N.D. Cal. Apr. 13, 2011) (awarding $2,500 based on plaintiff's actual losses and $2,500 in enhanced damages under Section 553, where 17 patrons were present and no cover charge was incurred); *Joe Hand Promotions Inc. v. Piacente,* No. C-10-3429, 2011 WL 2111467, at *6 (N.D. Cal. Apr. 11, 2011) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under Section 605, where 25 patrons were present and no cover charge was imposed); *J & J Sports Prods. v. Ho,* No. 10-CV-01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) (awarding $1,600 in statutory damages based on plaintiff's actual losses plus $10,000 in enhanced damages under Section 605, where 68 patrons were present and no cover charge was imposed); *Garden City Boxing Club, Inc. v. Lan Thu Tran,* No. C-05-05017, 2006 WL 2691431, at *1-2 (N.D. Cal. Sept.20, 2006) (awarding $1,000 in statutory damages based on plaintiff's actual losses and $5,000 in enhanced damages under section 605, where 40 patrons were present and a $10 cover charge was imposed). Here, a lower award of enhanced damages is appropriate in light of the limited number of patrons present and the fact that there was no cover charge. Accordingly, the Court finds an enhanced damages award of $1,600 reasonable under the circumstances.

### c. Damages for Conversion

Plaintiff also seeks $1,600 in damages for conversion under California Civil Code § 3336.

5

Case No.: 10-CV-05717-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The elements of conversion are (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,* 958 F.2d 896, 906 (9th Cir.1992). Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Plaintiff to damages. Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendants' unlawful interception, and damages. *See* Compl. ¶¶ 24-27. Damages for conversion are based on the value of the property at the time of conversion. *See Tyrone Pac. Intern., Inc. v. MV Eurychili,* 658 F.2d 664, 666 (9th Cir.1981). As noted above, the commercial license would have cost Defendants $1,600.00, and thus Plaintiff's request is appropriate. Accordingly, Plaintiff is entitled to $1,600.00 in damages for conversion.

### d. Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment. Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs within 21 days of the date of this Order.

## III. CONCLUSION

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff G & G Closed Circuit Events, LLC, and against Defendants Duc Mihn Dinh, and Duc Huy Nguyen, individually and doing business as Quan Nhan Crawfish aka Seafood Restaurant. Plaintiff shall recover $4,800.00 in total damages. If Plaintiff's counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting documentation within 21 days of the date of this Order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge