United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DUC MINH DINH, AND DUC HUY ) <br> NGUYEN, individually and d/b/a QUAN NHAN) <br> CRAWFISH a/k/a SEAFOOD RESTAURANT, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 10-CV-5717-LHK <br><br> ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |

Plaintiff G & G Closed Circuit Events, LLC, (Plaintiff) has moved to alter or amend the judgment of this Court against Defendants Duc Minh Dinh and Duc Huy Nguyen, individually and d/b/a Quan Nhan Crawfish, a/k/a Seafood Restaurant ("Defendants"). ECF No. 39 ("Motion"). The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing on this Motion, set for September 13, 2012 is hereby VACATED. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns exclusive commercial distribution rights to broadcast the closed-circuit program *"Strikeforce: 'Evolution': Cung Le v. Scott Smith"* ("Program"), telecast nationwide on December 19, 2009. Compl. ¶ 10, ECF No. 1. Plaintiff alleges that the Program was unlawfully intercepted and

exhibited by Defendants at their commercial establishment, Quan Nhan Crawfish, a/k/a Seafood Restaurant, located in San Jose, California. *Id*. ¶ 13. On December 15, 2010, Plaintiff filed this action for violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200.

On March 9, 2011, this case was reassigned to the undersigned judge. ECF. No. 7. On July 12, 2011, after Defendant failed to respond to the complaint, Plaintiff moved for entry of default against Defendant. ECF. No. 17. On July 21, 2011, the Clerk entered default. ECF. No. 18. On October 26, 2011, Plaintiff moved for default judgment. ECF. No. 26. On May 7, 2012, the Court entered judgment against Defendants for a total amount of $4,800.00, consisting of: $1,600 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i); $1,600 in enhanced damages under § 605(e)(3)(C)(ii); and $1,600 in compensatory damages for conversion. ECF. No. 37.

On June 4, 2012, Plaintiff moved to alter or amend the judgment of the Court with respect to the statutory damages. ECF No. 39.

## II.     ANALYSIS

This Court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the discretion of the Court. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); s*ee McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). This motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (citation omitted). "To succeed [on a motion to alter or amend judgment], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Here, Plaintiff presents no newly discovered evidence, and concedes that the controlling law has not changed. The motion to alter or amend judgment is brought under the theory that the Court committed clear error.

2

Case No.: 10-CV-5717-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

1    Plaintiff suggests three points of clear error on the part of the Court. Motion at 5-6. First,
2 Plaintiff argues that the Court's decision to grant the commercial fee as statutory damages rather
3 than granting the maximum of $10,000, while consistent with other opinions in this District, is
4 inconsistent with the decisions in other judicial districts. *Id*. at 5. Second, Plaintiff alleges that the
5 multiplier the Court used for calculating enhanced damages was too low, because a higher
6 multiplier has been used in other situations. *Id*. at 6. Finally, Plaintiff alleges that these errors lead
7 to a damages award that will not sufficiently deter unlawful activity. *Id.* at 7.

8    Courts grant reconsideration due to clear error "only if the prior decision was 'clearly'
9 wrong." *Bull v. City & County of San Francisco*, 758 F. Supp. 2d 925, 928 (N.D. Cal. 2010)
10 (citing *Leslie Salt v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995)). "A district court does not
11 commit clear error warranting reconsideration when the question before it is a debatable one."
12 *Morales v. Tingey*, No. C 05-3498 PJH, 2010 U.S. Dist. LEXIS 20776, at *1 (N.D. Cal., Feb. 3,
13 2010) (citing *McDowell,* 197 F.3d at 1256). Therefore, before Plaintiff's motion may be granted,
14 the Court must find an indisputable error in its choice to award the commercial fee as statutory
15 damages, its calculation of enhanced damages, and its consideration of deterrence.

### A. Statutory Damages

If the Court determines that a plaintiff is entitled to damages, the amount of those damages is set by what "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II) (2006); *see also Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000). Plaintiff contends that the Court committed a clear error in its award of the commercial fee of $1,600.

Plaintiff asserts that awarding the commercial fee as damages is contrary to the practice in other districts. Motion at 5, 8. In support of this assertion, Plaintiff attempts to trace the source of a rule used in several Northern District of California cases to a case from another district. *Id*.

The Court's decision not to follow the out-of-district case cited by Plaintiff could only be an error if it were bound to follow that case. However, the decisions of fellow district courts, while persuasive, are not binding on this Court. *See ATSI Communs., Inc. v. Shaar Fund, Ltd*., 547 F.3d 109, 112 (2d Cir. 2008) (noting that "[d]istrict court decisions . . . create no rule of law binding on other courts."); *see also Allegheny General Hospital v. NLRB*, 608 F.2d 965, 970 (3d Cir. 1979)

3

Case No.: 10-CV-5717-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

(explaining that precedent binds only those cases "arising in the same court or a lower court in the judicial hierarchy"). When the authority at issue is only persuasive, and not binding, the Court may exercise its discretion in deciding an issue. That the Court chose not to take the same approach taken in a case from the Southern District of New York does not constitute an error, much less an error so clear as to necessitate altering or amending the judgment. As the Court has both the discretion to determine the amount of damages within statutory guidelines and the discretion to choose which persuasive authority to follow, the Court did not commit clear error in deciding to award the commercial fee rather than maximum statutory damages, notwithstanding the decisions of courts in other districts.

### B. Enhanced Damages

Plaintiff next declares that the Court's award of enhanced damages was "too low." Motion at 6. Plaintiff refers the Court to *J & J Sports Productions, Inc. v. Ho*, in which the plaintiff was awarded a greater amount in enhanced damages than was awarded here. No. 10-CV-01883-LHK, 2010 U.S. Dist. LEXIS 109575 at *4 (N.D. Cal. Oct. 5, 2010). However, as described above, the Court was no more bound by the *Ho* decision than by any other district court decision when deciding this case. And in any event, the Court's award in this case is not inconsistent with *Ho*. The Court in *Ho* noted in setting the award that the defendants in that case were repeat offenders with multiple violations, a fact not present here.

Plaintiff further points to several other cases from this District where there was a larger number of patrons, and a larger enhanced damages award. Motion at 6. Again, the Court is not bound by these cases, and in any event, they are not inconsistent with the Court's order in this case, which involved a significantly smaller number of patrons.

As the Court's discretion in this decision is derived from the statute, and the Court remained within this discretion in considering the evidence and the damages, the Court did not commit such clear error as to justify altering or amending the judgment.

### C. Deterrence

Finally, Plaintiff contends that this Court erred in failing to award damages great enough to provide significant deterrence. Plaintiff points to several out-of-district cases in which higher

4
Case No.: 10-CV-5717-LHK
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

awards were made. Motion at 8. As explained above, these cases cannot establish error on the part of this Court. Plaintiff further points to a Ninth Circuit case, *Kingvision v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), in which the Court vacated a district court order reducing a judgment not because it was too low, but because the Court determined that the district court's procedure was incorrect. *Id.* Plaintiff has not suggested that this Court's procedures were wanting. Accordingly, *Kingvision* is inapposite.

### III.    CONCLUSION

Because Plaintiff has failed to identify a clear error by the Court, the Court DENIES Plaintiff's motion to alter or amend the judgment.

**IT IS SO ORDERED.**

Dated: September 12, 2012

LUCY H. KOH
United States District Judge